IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 23-CV-81375-ROSENBERG

DUVALL ESPRESSO
IP ENFORCEMENT, LLC,

        Plaintiff,

v.

METICULOUS HOME, INC., et al.,

        Defendants.
_____/

## JOINT SCHEDULING REPORT AND DISCOVERY PLAN

Pursuant to Local Rule 16.1, Plaintiff, DUVALL ESPRESSO IP ENFORCEMENT, LLC ("Duvall"), and Defendant, METICULOUS HOME, INC. ("Meticulous"), a Delaware Corporation, submit this Joint Scheduling Report and Discovery Plan.

**Stipulation to Abate General Discovery Pending Resolution of Motion to Dismiss**

Currently pending before the Court is Meticulous Home, Inc's Motion to Dismiss the Complaint based on improper venue under Fed. R. of Civ. P. 12(b)(3), lack of personal jurisdiction under Rule 12(b)(2), and failure to state a claim under Rule 12(b)(6). Based on the very particularized patent venue statute, 28 U.S.C. § 1400, after conferral, the Parties believe that judicial efficiency and economy would best be served if the Court abates general discovery for 45 days to allow resolution of the pending Motion to Dismiss. Duvall intends to seek limited jurisdictional discovery related to arguments and factual assertions raised in Meticulous's pending Motion to Dismiss. At this time (and without the benefit of reviewing Duvall's Opposition and obtaining further details into the discovery sought), Meticulous disputes that jurisdictional discovery is proper. Meticulous will further evaluate the request for jurisdictional discovery that Duvall will provide in its Opposition; and Meticulous will provide its position in its Reply brief.

1

<u>**Local Rule 16.1**</u>

**A plain statement of the nature of the claim and any counterclaims, cross-claims, or third-party claim, including the amount of damages claimed and any other relief sought:**

The claims and damages sought are as follows:

<u>**Plaintiff's Position**</u>

<u>Count I – Willful Direct Patent Infringement (35 U.S.C. § 271(a))</u>

Duvall alleges that it is the current owner, by assignment, of (i) U.S. Patent No. 10,349,774 ("the '774 Patent"), issued on July 16, 2019, for a "Device and System for Creating Infused Beverages", (ii) U.S. Patent No. 10,258,187 ("the '187 Patent"), issued on April 16, 2019, for a "Device and System for Brewing Infused Beverages", and (iii) U.S. Patent No. 9,867,491 ("the '491 Patent"), issued on January 16, 2018, for a "Device and System for Brewing Infused Beverages". The invention described in claims 1, 10, 19, and 20 of the '774 Patent, claims 1, 8, and 16 of the '187 Patent, and claims 1, 7, and 17 of the '491 Patent is directed toward providing an infused beverage brewing assembly that can control the flow and temperature of solvent (e.g., water) in the assembly. Duvall alleges that Meticulous has infringed, literally and under the doctrine of equivalents, at least the foregoing claims by selling, manufacturing, using, importing, and marketing the Accused Products that include all elements recited within said claims. Duvall further alleges that, at all times material hereto, Meticulous's infringement of the '774 Patent, the '187 Patent, and the '491 Patent (collectively, "the Patents") was knowing and willful. Duvall seeks a temporary and permanent injunction; declaratory judgment; the full amount of damages sustained, including, but not limited to, any and all damage remedies available pursuant to the Patent Laws of the United States, 35 U.S.C. §§ 271, *et. seq.*, which include, but are not limited to a reasonable royalty award; treble damages; imposition of all pre and post judgment interest; and all attorney's fees, costs, and expenses.

Meticulous has moved to dismiss the complaint pursuant to Fed. R. of Civ. P. 12(b)(3) for improper venue, and pursuant to 12(b)(6) for failure to state a claim with sufficient particularity under federal pleading standards.

<u>**Defendant Meticulous's Position**</u>

Defendant Meticulous Home believes that Plaintiff is essentially a **non-practicing entity (NPE)** that does not actually sell the machines that are the subject of its patents (although Plaintiff contends some company in Georgia does).

Defendant rejects Plaintiff's claims on numerous grounds. Defendant believes, first of all, that Plaintiff's patents are invalid and that its claims are barred under 35 U.S.C. §§ 102 and 103 on the basis that the "invention" was disclosed years ago by Starbucks and others, including in one or more Patents, such as, for example, Starbucks's "Temperature-controlled Beverage Brewing" Patent that issued in 2014; Gruppo Cimbali SpA's "Coffee Machine Having a Dispenser with

Independent Heating" Patent that issued in 2006; US9681772B2 to Atilla; and EP2409613B1 to Doglioni

Plaintiff, which is essentially a non-practicing entity (NPE), has introduced nothing novel or nonobvious pursuant to which it is entitled to the asserted patents. Defendant also denies infringement of the asserted patents and believes that Plaintiff's infringement claims are without merit. Defendant's investigation is continuing.

Defendant has moved to dismiss the First Amended Complaint pursuant to Fed. R. of Civ. P. 12(b)(3) for improper venue. See DE 16. Defendant, a Delaware corporation, does not reside in Florida, does not have a regular or established place of business in Florida, or any offices or any other physical, geographical location in Florida from which its business is conducted or carried out. Defendant does not have any employees who reside, work from, or are physically located in Florida. *See Kitchinventions LLC v. Walmart, Inc.*, No. 21-82068-cv-Middlebrooks, 2022 WL 19266370 (S.D. Fla. Apr. 27, 2022). A sworn declaration, DE 16-1, supports these dismissals.

Defendant has also moved to dismiss the First Amended Complaint under Rule 12(b)(2) for lack of personal jurisdiction and under Rule 12(b)(6) for failure to state a claim. Plaintiff has not plausibly alleged any infringing activities, let alone willful ones, that have occurred in the State of Florida, and thus Plaintiff cannot maintain such a claim at least in this District.

**A brief summary of the facts which are uncontested or which can be stipulated to without discovery:**

Duvall Espresso IP Enforcement, LLC is a Florida limited liability company. Duvall is the current owner, by assignment, of the Patents.

Meticulous Inc. is a Delaware corporation with its principal and only offices located in Mexico.

**A brief summary of the issues as presently known:**

A. Whether Meticuloushas directly infringed, literally and/or under the doctrine of equivalents, claims 1, 10, 19, and 20 of the '774 Patent, claims 1, 8, and 16 of the '187 Patent, and claims 1, 7, and 17 of the '491 Patent.

B. Whether Plaintiff's Patents are invalid and/or its infringement claims barred under 35 U.S.C. §§ 102, 103, 112 or otherwise, including, for purposes of example only, by numerous prior art Patents issued to Starbucks and others.

C. Whether Plaintiffs' Patents are unenforceable for inequitable conduct, including because Plaintiff failed to disclose material prior art to the U.S. Patent and Trademark Office during prosecution.

D. Whether venue is improper under Fed. R. of Civ. P. 12(b)(3).

E. Whether Defendant is not subject to personal jurisdiction in Florida.

3

    F.    Whether the Accused Product is still in development and has never been made, used, offered to sell, sold, or imported.

I. **RECOMMENDED CASE MANAGEMENT TRACK**

The Parties recommend a standard case management track.

II. **DETAILED SCHEDULE OF DISCOVERY FOR EACH PARTY**

    a.    **PROPOSED DISCOVERY SCHEDULE**

The parties believe general discovery should be stayed for 45 days to allow resolution of the pending Motion to Dismiss. With reference to the above stipulations, the parties propose the following schedule:

**At the discretion of the Court: Jurisdictional Discovery** (see briefing regarding pending Motion to Dismiss).

**January 24, 2024: General Discovery Opens; Initial Disclosures; Infringement Contentions.** General discovery opens. Parties exchange Initial Rule 26(a) Disclosures. Plaintiff shall serve its Disclosure of Asserted Claims and Initial Infringement Contentions. Separately for each opposing party, the Disclosure of Asserted Claims and Infringement Contentions shall contain the following information: (a) Each claim of each patent in suit that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. §271 asserted; (b) Separately for each asserted claim, each accused instrumentality of each opposing party of which the party is aware; (c) A chart identifying specifically where and how each limitation of each asserted claim is found within each accused instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the accused instrumentality that performs the claimed function; (d) For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement; (e) Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the accused instrumentality; and (f) For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled.

**March 25, 2024: Invalidity Contentions.** Defendant Meticulous shall serve its invalidity contentions which shall contain the following information: (a) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious; (b) Whether each item of prior art anticipates each asserted claim or renders it obvious; (c) A chart identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and (d) Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

**April 19, 2024: Exchange of Proposed Terms for Construction.** Each party shall serve on each other party a list of claim terms which that party contends should be construed by the Court, and identify any claim term which that party contends should be governed by 35 U.S.C. § 112(6). Thereafter, the parties shall meet and confer in an attempt to limit the number of terms in dispute.

**April 19, 2024:** Deadline for joinder of parties and claims, and amendment of pleadings without leave of Court.

**April 24, 2024:** Deadline for Plaintiff to serve amended infringement contentions without leave of Court.

**May 10, 2024: Exchange of Preliminary Claim Constructions and Extrinsic Evidence.** The parties shall simultaneously exchange proposed constructions of each term identified by either party for claim construction. Each such "Preliminary Claim Construction" shall also, for each term which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that term's function. (b) At the same time the parties exchange their respective "Preliminary Claim Constructions," each party shall also identify all references from the specification or prosecution history that support its proposed construction and designate any supporting extrinsic evidence.

**June 10, 2024: Exchange of Claim Construction Expert Reports.** Any party that intends to rely on any witness who will give expert testimony to support that party's proposed constructions shall serve the other party or parties with a claim

construction expert report for that witness. Such reports shall comply with the disclosure requirements of Fed. R. Civ. P. 26(A)(2)(B).

**June 25, 2024:** Deadline for Defendants to serve amended invalidity contentions without leave of Court.

**July 1, 2024: Close of Claim Construction Discovery.**

**July 22, 2024: Opening Claim Construction Briefs.**

**August 5, 2024: Rebuttal Claim Construction Briefs.** (There shall be no Reply briefs.)

**September 2024 or at the Convenience of the Court: Claim Construction Hearing.**

**December 13, 2024: Close of Fact Discovery.**

**January 24, 2025: Opening Expert Reports.** Party with the burden of proof on an issue shall furnish opposing counsel with a written report in compliance with Rule 26(a)(2) of the Federal Rules of Civil Procedure for all expert witnesses intended to be called at trial on issues where that party has the burden of proof, and only those expert witnesses shall be permitted to testify.

**January 24, 2024: Disclosure of Trial Witnesses.** Parties shall furnish opposing counsel with a written list containing the names and addresses of all witnesses that will be or may be called at trial and only those witnesses shall be permitted to testify unless good cause is shown and there is no prejudice to the opposing party.

**February 21, 2025: Rebuttal Expert Reports.** Party without burden of proof on an issue shall furnish opposing counsel with a written report in compliance with Rule 26(a)(2) of the Federal Rules of Civil Procedure for all expert witnesses intended to be called at trial on issues where that party does not have the burden of proof and only those expert witnesses shall be permitted to testify.

**March 14, 2025: All Expert Discovery Must be Completed.**

**April 18, 2025: Dispositive and Pretrial Motions.** All dispositive and other pretrial motions not explicitly excluded by Local Rule 7.1(a)(1), and accompanying memoranda of law must be filed. All *Daubert* motions must be filed.

**April 18, 2025: Mediation must be completed.**

**May 16, 2025**: The Pretrial Stipulation shall be filed. Designations of deposition testimony shall be made. Parties shall also exchange Rule 26(a)(3) witness and exhibit lists. *See* section 14.

164735589.1

**May 23, 2025**: Counter-designations of deposition testimony and objections to designations of deposition testimony shall be filed. Late designations shall not be admissible absent exigent circumstances.

**May 30, 2025**: Objections to counter-designations of deposition testimony and responses to objections to designations of deposition testimony shall be filed.

**June 6, 2025**: Responses to objections to counter-designations of deposition testimony shall be filed.

**June 20, 2025**: Jury Instructions or Proposed Findings of Fact and Conclusions of Law shall be filed. The parties' joint statement of the case is due. The parties' joint trial plan is due. The parties shall file their finalized exhibit list and witness list. The parties' Notice of Intent to Seek Pretrial Adjudication of Deposition Designations, if applicable, is also due.

**July 3, 2025**: The parties' Notice of Remaining Issues that Require Adjudication is due. The parties' joint deposition designation notebook, if applicable, is due.

**8-10 day period commencing July 21, 2025 or at the convenience of the Court: Trial date.**

b.   **DISCUSSIONS OF ISSUES ON WHICH THE PARTIES WILL CONDUCT DISCOVERY**

As set forth above, the Parties request that the Court stay general discovery to allow time for resolution of Meticulous Home's pending Motion to Dismiss for Improper Venue, Lack of Personal Jurisdiction, and Failure to State a Claim, DE 16.

To the extent the case is not dismissed pursuant to Meticulous' Motion to Dismiss, the Parties will conduct discovery relating to the underlying factual basis for the claims made in Plaintiff's Complaint, including but not limited to the Patents, Meticulous's sale, manufacture, use, importation, and marketing of the Accused Products, Plaintiff's allegations of damage, and any other related topics.

The parties will also conduct discovery into Meticulous's counterclaims and defenses, which will be set forth in its Answer, including defenses of invalidity under 35 U.S.C. §§ 102, 103, 112, and into Duvall's inequitable conduct.

c.   **DISCUSSIONS REGARDING DISCLOSURE, DISCOVERY, OR PRESERVATION OF ELECTRONICALLY STORED INFORMATION**

At this time the Parties do not have any issues regarding electronically stored information and have agreed to work together to find efficient methods for producing digital documents.

III. **DISCUSSION OF LIKELIHOOD OF SETTLEMENT**

At this stage, the likelihood of settlement is unknown. Settlement discussions are unlikely to be productive until the parties have engaged in meaningful discovery, including at minimum, exchange of infringement and invalidity contentions.

IV. **DISCUSSION OF THE LIKELIHOOD OF APPEARANCE IN THE ACTION OF ADDITIONAL PARTIES**

Individual Defendant Juan Carlos Lopez Pendas has yet to be served and has not yet appeared in this case. Other than Mr. Pendas, the appearance of additional parties in this action is unlikely at this time.

V. **PROPOSED TIME LIMITS**

Please refer to the proposed chart depicted above.

VI. **PROPOSAL FOR THE FORMULATION AND SIMPLIFICATION OF ISSUES**

The Parties do not have any proposed methods for the formulation and simplification of issues at this time. The Parties agree to receive discovery requests by email. The parties further agree that email service or other electronic service made by midnight Eastern Time shall constitute hand service. Should it become necessary, counsel shall meet to discuss any proposals for the formulation and simplification of issues.

VII. **NECESSITY OR DESIRABILITY OF AMENDMENTS TO PLEADINGS**

Unknown at this time.

VIII. **POSSIBILITY OF OBTAINING ADMISSIONS OF FACT AND OF DOCUMENTS**

The Parties will attempt to obtain admissions of fact and will avoid unnecessary proof and stipulate to facts. Should it become necessary, counsel will meet to discuss stipulations regarding the authenticity of documents and the need for advance rulings from the Court on the admissibility of evidence.

IX. **SUGGESTIONS FOR THE AVOIDANCE OF UNNECESSARY PROOF AND OF CUMULATIVE EVIDENCE**

None at this time. Further, should it become necessary, counsel will meet to discuss suggestions for the avoidance of unnecessary proof and cumulative evidence.

X. **SUGGESTIONS ON THE ADVISABILITY OF REFERRING MATTERS TO A MAGISTRATE OR MASTER**

   None at this time.

XI. **PRELIMINARY ESTIMATE OF THE TIME REQUIRED FOR TRIAL**

   The Parties anticipate an eight (8) to ten (10) day jury trial following *voir dire*.

XII. **REQUESTED DATES FOR CONFERENCES BEFORE TRIAL, FINAL PRETRIAL CONFERENCE, AND TRIAL**

   Please refer to the proposed chart depicted above.

XIII. **ANY OTHER INFORMATION THAT MIGHT BE HELPFUL TO THE COURT IN SETTING THIS CASE FOR STATUS OR PRE-TRIAL CONFERENCE**

   None at this time.

XIV. **This case was not previously filed.**

XV. **Such other matters as are required by Local Rule 16.1(B) and as may aid the Court in setting the case for status or pretrial conference and in the fair and expeditious administration and disposition of this action.**

As explained above, the Parties request that the Court abate general discovery and the remaining deadlines to allow for resolution of Meticulous Home's pending Motion to Dismiss for Improper Venue, Lack of Personal Jurisdiction, and Failure to State a Claim, DE 16.

In addition, Meticulous is currently evaluating whether to file one or more challenges to the Asserted Patents in the United States Patent and Trademark Office. Should Meticulous raise such a challenge (*e.g.*, *inter partes* reexamination, *ex parte* reexamination), the Parties intend to move this Court for a further stay of the case while the Patent Office proceedings are conducted.

### Pretrial Scheduling Order Discovery Plan

**(1) an estimated valuation of the case from the perspective of Plaintiff and Defendant Meticulous;**

Plaintiff: Plaintiff seeks recovery of Plaintiff's damages (including, without limitation, a reasonable royalty award), reasonable attorneys' fees, pre-suit costs, and pre- and post-judgment interest, but is unable to provide an estimated valuation of the case without the benefit of discovery on the nature and extent of Meticulous's sales, profits, and revenues from the sale of the Accused Products.

Defendant Meticulous: Meticulous denies that Plaintiff is entitled to any relief on the claims in its Complaint. Meticulous reserve the right to seek attorneys' fees and sanctions, including under Fed. R. Civ. P. Rule 11 and Section 285. Plaintiff appears to have brought this suit without conducting a reasonable pre-filing investigation. Plaintiff has not adequately investigated the purported infringement of the "Accused Products"; in fact, Plaintiff cannot have done so, since Meticulous has not yet launched any commercial product.

**(2) the date for exchanging initial disclosures pursuant to Rule 26(a)(1);**

Please refer to the proposed chart depicted above.

**(3) the subjects on which discovery may be needed;**

To the extent the case is not dismissed pursuant to Meticulous's Motion to Dismiss, the Parties will conduct discovery relating to the underlying factual basis for the claims made in Plaintiff's Complaint and for Meticulous's counterclaims and defenses, including but not limited to the Patents, Meticulous's sale, manufacture, use, importation, and marketing of the Accused Products, Plaintiff's allegations of damage, whether Plaintiffs' patents are invalid, unenforceable, and/or not infringed; and any other related topics.

**(4) whether the Parties can agree to limit discovery on particular issues through stipulation;**

The Parties have discussed this topic and do not anticipate issues regarding scope of discovery at this time.

**(5) what document discovery is needed;**

To the extent such issues are not resolved through Defendants' Motion to Dismiss, Plaintiff intends to seek the following discovery: documents and communications regarding the development, manufacture, sale, marketing, and offering of the Accused Products, sales and revenue records, and inventory records; and documents relating to Plaintiff's allegations of damage.

To the extent such issues are not resolved through Defendants' Motion to Dismiss, Defendant Meticulous intends to seek discovery to support its claims and defenses, including at least documents and communications related to the following: conception and reduction to practice of the purported invention(s); preparation and prosecution of the Asserted Patents (including any family members, any foreign counterparts, and any other patents and/or patent applications of Plaintiff and/or the named invention); documents concerning the validity/invalidity, enforceability/unenforceability, or infringement/noninfringement of Asserted Patents; prior art to the Asserted Patents; documents concerning the best mode of practicing the Asserted Patents; licenses and/or attempts to license the Asserted Patents; any efforts to determine a valuation of, or obtain an opinion as to the valuation of, the Asserted Patents; secondary indicia of non-

obviousness (including, e.g., the presence or absence of commercial success, praise, recognition or acclaim by the industry, long-felt need, commercial acquiescence, expressions of skepticism, copying, teaching away, failed attempts by others, or simultaneous development); any purported commercial embodiments of the invention (including their operation, commercial success, and any marking); Plaintiff's pre-suit investigation of the Accused Products; communications with Meticulous and/or with third parties concerning the Asserted Patents.

**(6) whether discovery should be conducted in phases;**

The parties believe discovery should be phased, with fact discovery being completed before expert discovery is begun.

**(7) whether the Parties expect to have disclosure, discovery, or preservation of electronically stored information, and if so, explain:**

The Parties agree that no email discovery will be necessary in this case. The parties expect significant e-discovery for electronically stored information other than emails, and have agreed to work with one another to reach mutually agreeable production formats for electronically stored communications and documents.

(a) the main information and documents sought;
(b) the expected costs of e-discovery; and
(c) whether alternatives to e-discovery are possible.

**(8) what individuals each side intends to depose;**

The Parties intend to depose the Parties' respective corporate representatives and numerous fact witnesses that may be identified during discovery, including party and third party witnesses. Third party witnesses may include, for example, patent prosecutors, prior art witnesses, and witnesses from any Duvall licensee or other company allegedly manufacturing products practicing the asserted patents. The parties also intend to depose expert witnesses during expert discovery, including expert witness from each Party concerning infringement, validity, and damages.

**(9) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;**

The Parties agree that due to the confidential, proprietary, and sensitive information that will be disclosed during discovery, a protective order will be required. The parties will work together to prepare a stipulated protective order to address proprietary or otherwise confidential documents that will be sought or disclosed. Due to the volume of production

anticipated, there is a risk of inadvertent disclosure of privileged information, and the parties intend to provide a claw-back procedure in their stipulated protective order.

**(10)     what changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules; and**

The Parties do not believe that additional protections are needed beyond what is provided for by the Federal Rules of Civil Procedure and Local Rules (and the proposed stipulated protective order that will be filed with the Court).

**(11)     whether early mediation or a settlement conference with a Magistrate Judge prior to the close of discovery would be helpful.**

The Parties do not believe that settlement talks would be productive until significant discovery has occurred (including at least the exchange of infringement and invalidity contentions), and for this reason, they do not believe settlement assistance is needed at this time. If, however, this changes and the Parties believe that a settlement conference with a Magistrate Judge may assist in resolving the case, the Parties will file a notice for the Court and request a settlement conference.

Respectfully submitted,

| | |
|---|---|
| By: / Mark C. Johnson /<br>Mark C. Johnson, Esq.<br>*Florida Board Certified Expert in Intellectual Property Law*<br>Fl. Bar No. 84365<br>Email: MJ@JohnsonDalal.com<br><br>**JOHNSON | DALAL**<br>*Attorneys for Plaintiff*<br>111 N. Pine Island Rd.<br>Suite 103<br>Plantation, Florida 33324<br>Tel. (954) 507-4500<br>Fax. (954) 507-4502 | By: /s/ Matthew S. Nelles<br>Matthew S. Nelles, Esq.<br>Florida Bar No. 009245<br>Email: mnelles@nelleslawFL.com<br><br>**NELLES LAW GROUP**<br>*Attorneys for Meticulous Home, Inc.*<br>101 Northeast Third Ave.<br>Suite 1500<br>Ft. Lauderdale, FL 33301<br>T: 954-246-4800; D: 954-246-4880<br>E: yberstein@nelleslawFL.com |

164735589.1