IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 23-CV-81375-ROSENBERG

DUVALL ESPRESSO
IP ENFORCEMENT, LLC,

       Plaintiff,

v.

METICULOUS HOME, INC., et al.,

       Defendants.
_____/

## JOINT SCHEDULING ORDER

Having considered the Joint Scheduling Report of the parties, this Court hereby **ORDERS** the following:

### I. PRETRIAL DEADLINES

The pretrial deadlines in this case, which shall not be modified absent compelling circumstances, are the following:

**At the discretion of the Court: Jurisdictional Discovery** (see briefing regarding pending Motion to Dismiss).

**January 24, 2024: General Discovery Opens; Initial Disclosures; Infringement Contentions.** General discovery opens. Parties exchange Initial Rule 26(a) Disclosures. Plaintiff shall serve its Disclosure of Asserted Claims and Initial Infringement Contentions. Separately for each opposing party, the Disclosure of Asserted Claims and

Infringement Contentions shall contain the following information: (a) Each claim of each patent in suit that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. §271 asserted; (b) Separately for each asserted claim, each accused instrumentality of each opposing party of which the party is aware; (c) A chart identifying specifically where and how each limitation of each asserted claim is found within each accused instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or

material(s) in the accused instrumentality that performs the claimed function; (d) For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement; (e) Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the accused instrumentality; and (f) For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled.

**March 25, 2024: Invalidity Contentions.** Defendant Meticulous shall serve its invalidity contentions which shall contain the following information: (a) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious; (b) Whether each item of prior art anticipates each asserted claim or renders it obvious; (c) A chart identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and (d) Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

**April 19, 2024: Exchange of Proposed Terms for Construction.** Each party shall serve on each other party a list of claim terms which that party contends should be construed by the Court, and identify any claim term which that party contends should be governed by 35 U.S.C. § 112(6). Thereafter, the parties shall meet and confer in an attempt to limit the number of terms in dispute.

**April 19, 2024:** Deadline for joinder of parties and claims, and amendment of pleadings without leave of Court.

**April 24, 2024:** Deadline for Plaintiff to serve amended infringement contentions without leave of Court.

**May 10, 2024: Exchange of Preliminary Claim Constructions and Extrinsic Evidence.** The parties shall simultaneously exchange proposed constructions of each term identified by either party for claim construction. Each such "Preliminary Claim Construction" shall also, for each term which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that term's function. (b) At the same

time the parties exchange their respective "Preliminary Claim Constructions," each party shall also identify all references from the specification or prosecution history that support its proposed construction and designate any supporting extrinsic evidence.

**June 10, 2024: Exchange of Claim Construction Expert Reports.** Any party that intends to rely on any witness who will give expert testimony to support that party's proposed constructions shall serve the other party or parties with a claim construction expert report for that witness. Such reports shall comply with the disclosure requirements of Fed. R. Civ. P. 26(A)(2)(B).

**June 25, 2024:** Deadline for Defendants to serve amended invalidity contentions without leave of Court.

**July 1, 2024: Close of Claim Construction Discovery.**

**July 22, 2024: Opening Claim Construction Briefs.**

**August 5, 2024: Rebuttal Claim Construction Briefs.** (There shall be no Reply briefs.)

**September 2024 or at the Convenience of the Court: Claim Construction Hearing.**

**December 13, 2024: Close of Fact Discovery.**

**January 24, 2025: Opening Expert Reports.** Party with the burden of proof on an issue shall furnish opposing counsel with a written report in compliance with Rule 26(a)(2) of the Federal Rules of Civil Procedure for all expert witnesses intended to be called at trial on issues where that party has the burden of proof, and only those expert witnesses shall be permitted to testify.

**January 24, 2024: Disclosure of Trial Witnesses.** Parties shall furnish opposing counsel with a written list containing the names and addresses of all witnesses that will be or may be called at trial and only those witnesses shall be permitted to testify unless good cause is shown and there is no prejudice to the opposing party.

**February 21, 2025: Rebuttal Expert Reports.** Party without burden of proof on an issue shall furnish opposing counsel with a written report in compliance with Rule 26(a)(2) of the Federal Rules of Civil Procedure for all expert witnesses intended to be called at trial on issues where that party does not have the burden of proof and only those expert witnesses shall be permitted to testify.

**March 14, 2025: All Expert Discovery Must be Completed.**

**April 18, 2025: Dispositive and Pretrial Motions.** All dispositive and other pretrial motions not explicitly excluded by Local Rule 7.1(a)(1), and accompanying memoranda of law must be filed. All *Daubert* motions must be filed.

**April 18, 2025: Mediation must be completed.**

**May 16, 2025**: The Pretrial Stipulation shall be filed. Designations of deposition testimony shall be made. Parties shall also exchange Rule 26(a)(3) witness and exhibit lists. *See* section 14.

**May 23, 2025**: Counter-designations of deposition testimony and objections to designations of deposition testimony shall be filed. Late designations shall not be admissible absent exigent circumstances.

**May 30, 2025**: Objections to counter-designations of deposition testimony and responses to objections to designations of deposition testimony shall be filed.

**June 6, 2025**: Responses to objections to counter-designations of deposition testimony shall be filed.

**June 20, 2025**: Jury Instructions or Proposed Findings of Fact and Conclusions of Law shall be filed. The parties' joint statement of the case is due. The parties' joint trial plan is due. The parties shall file their finalized exhibit list and witness list. The parties' Notice of Intent to Seek Pretrial Adjudication of Deposition Designations, if applicable, is also due.

**July 3, 2025**: The parties' Notice of Remaining Issues that Require Adjudication is due. The parties' joint deposition designation notebook, if applicable, is due.

**8-10 day period commencing July 21, 2025 or at the convenience of the Court: Trial date.**

The Court, after considering the matters discussed in the parties' Joint Scheduling Report, finds that good cause exists for entry of this Joint Proposed Scheduling Order.

**A.** *Case Management Track*

This matter is assigned to the standard case management track pursuant to Local Rule 16.1(a)(2).

DONE AND ORDERED in Chambers, West Palm Beach, Florida, this ____ day of December 2023.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies Furnished to:
Counsel of record